UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| RANDALL KNOWLES, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Civil No. 9-282-B-W |
| | ) |
| STATE OF MAINE, et al., | ) |
| | ) |
| Defendants | ) |

ORDER GRANTING LEAVE TO PROCEED
*IN FORMA PAUPERIS*

Plaintiff, an inmate at the Maine State Prison, Warren, Maine, seeks leave to proceed *in forma pauperis*. The Application to proceed *in forma pauperis* has been completed and is accompanied by Certificates signed by authorized individuals from the Institutions within which plaintiff has been housed over the past six months. The Certificates evidence that the applicant has no money in his account as of June 25, 2009, and that over the last six months no money has been deposited in his account at the Maine State Prison.

The application is GRANTED, however, pursuant to 28 U.S.C. section 1915(b)(1), Plaintiff is required to pay the entire filing fee in this matter as funds become available. An initial partial filing fee is hereby ASSESSED in the amount of $2.00. In the event Plaintiff elects to proceed with this matter and so notifies the Court, the initial partial filing fee shall be forwarded by the institution as soon as funds are available. Subsequent payments **of twenty percent (20%) of Plaintiff's prior monthly income** shall be forwarded directly **by the institution** each time the amount in the inmate's account exceeds $10.00 until such time as the entire filing fee of $350.00 has been paid. Plaintiff is advised that, in the event he is released

from incarceration prior to the filing fee of $350.00 being paid in full, he is still required to pay the entire filing fee, absent further order of the court relieving him of the obligation.

In addition, Plaintiff is hereby on notice that the Court may dismiss this action if it:

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).  If the Court does dismiss the action under this section, Plaintiff will still be required to pay the filing fee in full.

Before Knowles decides to assume the expense of this action I caution him that, as currently pled, all or some of his claims are susceptible to dismissal.  In his complaint Knowles indicates that his action is "totally against the Correctional Officers at the Downeas[t] Correctional Facility," specifying that three different sergeants and two correctional officers were involved in defamation, sexual harassment, discrimination, and racial slurring. (Compl. ¶¶2-5.) He states: "Although they are immune from being personally sued … the State of Maine, and the agency they are employed by aren't immune."  This is apparently why Knowles has named only the State of Maine, the Department of Corrections, and the Downeast Correctional Facility as defendants.  Knowles seeks $1.4 million in damages as well as various forms of injunctive relief. Counter to Knowles's perception of the law, it is the State and its agencies that are shielded by the doctrine of sovereign immunity. Poirier v. Mass. Dept. of Corr., 558 F.3d 92, 97 & n.6 (1st Cir. 2009) ("States and their agencies are entitled to sovereign immunity 'regardless of the relief sought.' Kentucky v. Graham, 473 U.S. 159, 167 n. 14 (1985)."). See also Will v. Mich. Dep't. of State Police, 491 U.S. 58 (1989); Wojcik v. Mass. State Lottery Comm'n, 300 F.3d 92, 99 (1st Cir. 2002).  In contrast, individual state actors are amendable to suit for money damages, subject

to the defense of qualified immunity.  See Poirier, 558 F.3d at 97.  Because Knowles has filed this complaint in federal court and there does not appear to be diversity jurisdiction I assume that he intends to press as a federal civil rights claim.  Accordingly, I draw Knowles's attention to 42 U.S.C. § 1997e which provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.").

Further, Plaintiff is hereby on notice that a prisoner with three *in forma pauperis* actions dismissed under section 1915(e) may not thereafter, absent "imminent danger of serious physical injury," file a new action without prepayment of the entire filing fee.  28 U.S.C. § 1915(g).

Now therefore, Plaintiff shall notify the Court no later than July 27, 2009, whether he intends to incur the cost of the filing fee and proceed with this action, or whether he intends to forego this litigation at this time.  If Plaintiff elects to proceed, the written notification shall clearly indicate that Plaintiff understands his obligation to pay the full $350 filing fee as funds are available, and that he nevertheless wishes to proceed with the action.  Failure to fully comply with this Order will result in the issuance of a recommendation to dismiss the Complaint.  A copy of this Order shall be forwarded to the Business Office of the Maine State Prison, Warren, Maine, *following* Plaintiff's **indication to the Court that he intends to go forward with this matter and incur the $350.00 cost of suit.**

SO ORDERED.

July 1, 2009                                        /s/ Margaret J. Kravchuk
                                                    U.S. Magistrate Judge