UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| RANDALL KNOWLES, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) Civil No.  9-282-B-W | |
| | ) | |
| STATE OF MAINE, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION ON MOTION TO DISMISS**

Randall Knowles brought this action to seek redress for harassment he allegedly suffered

at the Downeast Correctional Facility.  The only defendants remaining in this action are Allen

Devericks, Harry Beal, Jr., David Garrison, James Case, and Denise Sullivan.  Knowles

complains that these individuals were either actively or complicity responsible for sexual and

racial harassment of Knowles.  Specifically, Knowles claims that he was taunted at the Downeast

Correctional Facility during two different periods of incarceration in that officers repeatedly

called him "gay" or "the hairy little gay guy."  I recommend that the court grant the motion to

dismiss for the following reasons.

**DISCUSSION**

*Federal Rule of Civil Procedure 12(b)(6)*

Federal Rule of Civil Procedure 12(b)(6), the procedural vehicle for the defendants'

motion, provides that a complaint can be dismissed for "failure to state a claim upon which relief

can be granted."  In deciding a motion to dismiss, the court accepts as true the factual allegations

of the complaint, draws all reasonable inferences in favor of the plaintiff that are supported by

the factual allegations, and determines whether the complaint, so read, sets forth a plausible basis

for recovery.  Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 320 (1st Cir. 2008).

 To properly allege a claim in federal court, it is not enough merely to allege that a defendant

acted unlawfully; a plaintiff must affirmatively plead "factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft

v. Iqbal, __ U.S. __, __, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly,

550 U.S. 544, 556 (2007)). Because Knowles is a pro se litigant, his complaint is subjected to

"less stringent standards than formal pleadings drafted by lawyers."  Haines v. Kerner, 404 U.S.

519, 520 (1972). As a pro se litigant, his pleadings also may be interpreted in light of

supplemental submissions, such as his response to the motion to dismiss.  Gray v. Poole, 275

F.3d 1113, 1115 (D.C.Cir.2002); Wall v. Dion, 257 F. Supp. 2d 316, 318 (D. Me. 2003).

### Remedy Issues

    With regards to Knowles's request for injunctive relief, he is no longer incarcerated at the

Downeast Correctional Facility; he now lists an address at the Maine State Prison.  Given the fact

that the only defendants remaining are situated at the Downeast Correctional Facility, there is no

injunctive relief to be had for the conduct in question.  See Tyree v. Fitzpatrick, 445 F.2d 627,

628 -29 (1st Cir. 1971); see also e.g., Koger v. Bryan, 523 F.3d 789, 803-04 (7th Cir. 2008); Slade

v. Hampton Roads Regional Jail, 407 F.3d 243, 249 (4th Cir. 2005); Abdul-Akbar v. Watson, 4

F.3d 195, 206 (3d Cir. 1993); see also City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983);

American Postal Workers Union v. Frank, 968 F.2d 1373, 1376 (1st Cir. 1992).  I do add, because

Knowles has requested that the court order personnel action against the defendants, that this is

not a circumstance in which the court would order that individuals be disciplined, fired, or

demoted in the context of litigation by a single plaintiff whose allegations are such as Knowles's. See 18 U.S.C. § 3626(a)(1)(A).

In his initial complaint Knowles seeks 1.4 million dollars for mental and physical pain and suffering. "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). See Shaheed-Muhammad v. Dipaolo, 138 F.Supp.2d 99, 107 (D. Mass. 2001) ("Where the harm that is constitutionally actionable is physical or emotional injury occasioned by a violation of rights, § 1997e(e) applies. In contrast, where the harm that is constitutionally actionable is the violation of intangible rights-regardless of actual physical or emotional injury-section 1997e(e) does not govern."). The defendants argue: "Because the plaintiff claims that the defendants violated his constitutional rights by harassing him and causing him to be embarrassed and humiliated by other prisoners, the harm is quintessentially physical or emotional injury occasioned by claimed violations of rights, and the plaintiff is required to allege physical injury to recover monetary damages." (Mot. Dismiss at 7.)

In his proposed amended complaint Knowles also asks for punitive damages. (Mot. for Am. Compl. at 5.)[1] The First Circuit Court of Appeals has yet to weigh-in on the issue of § 1997e(e) and the question of punitive damages in the absence of physical injury, although there are a few decisions in the District Courts addressing the concern. See, e.g., Lawson v. Harrelson, Civil No. 7-149-B-W, 2008 WL 4117191, 2 (D. Me. Aug. 29, 2008) (recommended decision); adopted, 2008 WL 4446591 (D. Me. Sep. 19, 2008); Boulanger v. U.S. Bureau of Prisons,

---

1       I informed Knowles in my October 23, 2009 order (Doc. No. 51) that while I would not grant the motion to amend in full, I would consider the contents of the amended complaint with respect to the allegations and prayers for relief.

Director, NH Civil No. 1:06-cv-308-WES, 2009 WL 1146430, 15 (D.N.H. Apr. 24, 2009) (unpublished)(adopting recommended decision); see also Shaheed-Muhammad v. Dipaolo, 393 F.Supp.2d 80, 108 (D. Mass. 2005) ("Along with the Seventh and Ninth Circuits, I continue to believe that § 1997e(e) is inapplicable to suits alleging constitutional injuries.  The PLRA does not, therefore, limit the type of relief that may be sought.").  Courts of Appeals in other circuits have concluded that punitive damages can be available despite the absence of physical injury as to some 42 U.S.C. § 1983 claims.  See e.g., Hutchins v. McDaniels, 512 F.3d 193, 198 (5th Cir. 2007); Royal v. Kautzky, 375 F.3d 720, 723 (8th Cir. 2004); Calhoun v. Detella, 319 F.3d 936, 941 (7th Cir.2003); Thompson v. Carter, 284 F.3d 411, 418 (2d Cir. 2002); Doe v. Delie, 257 F.3d 309, 314 n. 3 (3d Cir.2001); Searles v. Van Bebber, 251 F.3d 869, 880-81 (10th Cir.2001); see also Oliver v. Keller, 289 F.3d 623, 630 (9th Cir. 2002) ("To the extent that appellant has actionable claims for compensatory, nominal or punitive damages-premised on violations of his Fourteenth Amendment rights, and not on any alleged mental or emotional injuries-we conclude the claims are not barred by § 1997e(e).").[2]  The Eleventh Circuit has concluded that punitive damages are proscribed by § 1997e(e). See Smith v. Allen, 502 F.3d 1255, 1271 (11th Cir. 2007).[3]  As in Lawson this case does not require the Court to decide the question because, as explained below, Knowles does not state a tenable Eighth Amendment claim.

### Cruel and Unusual Punishment

It is clear from Knowles's pleading that his claim, at best, is one framed by the Eighth

---

2      See Byrd v. Maricopa County Sheriff's Dept., 565 F.3d 1205, 1210 n. 4 (9th Cir. 2009) ("The district court also granted the County's motion in part, holding that under 42 U.S.C. § 1997e(e), Byrd could not recover for mental or emotional harm, but he could recover compensatory, nominal, and punitive damages premised on a violation of his Fourth Amendment and substantive due process rights, to the extent they were actionable. This holding is not at issue on appeal.").

3      See Hale v. Secretary for Dept. of Corr., No. 08-15754, 2009 WL 2986875, 2 (11th Cir. Sep. 21, 2009) (per

Amendment cruel and unusual punishment inquiry. ).  See generally Farmer v. Brennan, 511 U.S.

825 (1994); Helling v. McKinney, 509 U.S. 25 (1993); Wilson v. Seiter, 501 U.S. 294 (1991).[4]

In his pleading seeking to amend his complaint Knowles summarizes:  "The five defendants are

the individuals who willingly and knowingly violated the code of ethics set forth by the

Department of Corrections by stating verbal sexual harassment, defamation of character,

discrimination, racial gay slurs, hate crime, toward the said plaintiff on two sentences at the

facility."  (Mot. for Am. Compl. at 2.)  He hypothesizes that these statements could have

endangered him and opines that they did cause him "extreme embarrassment, humiliation, verbal

harassment, verbal threats, [and] the loss of respect from individuals."  (Id. at 3.)  He notes that

there was administrative action taken as a consequence of grievance (id.) and the docket does

include a copy of the response to his grievance that indicates:  "Your grievance has been

investigated and substantiated.  Administrative actions have been taken with all parties named in

the grievance."  (Doc. No. 16-2.)

"Not every unpleasant experience a prisoner might endure while incarcerated constitutes

cruel and unusual punishment within the meaning of the Eighth Amendment."  Ivey v. Wilson,

832 F.2d 950, 954 (6th Cir. 1987).  In  Johnson v. Unknown Dellatifa the Sixth Circuit addressed

a similar claim involving

> a claim against Dave Stasewish, a correctional officer at the Alger prison, alleging
> various acts of harassment. For example, the complaint alleges that Stasewish
> continuously bangs and kicks Johnson's cell door, throws his food trays through
> the bottom slot of his cell door so hard that the top flies off, makes aggravating
> remarks to him, makes insulting remarks about his hair being too long, growls and

---

curiam).

4        It is not clear what Knowles's status was during the two periods of incarceration at Downeast – a convicted
criminal or a pre-trial detainee?  If the latter then it is the Fourteenth Amendment, and not the Eighth Amendment
standing alone, that is a fulcrum for his 42 U.S.C. § 1983 claim. See Natale v. Camden County Corr. Facility, 318
F.3d 575, 581 & n.5 (3d Cir. 2003).

snarls through his window, smears his window to prevent him from seeing out of it, behaves in a racially prejudicial manner toward him and jerks and pulls him unnecessarily hard when escorting him from his cell. Johnson contends that Stasewish knows that he suffers from hypertension and intentionally harasses him in an attempt to cause him to suffer a heart attack, stroke or nervous breakdown. Unlike the other section 1983 suits that Johnson has filed, Johnson sued Stasewish in his *individual* capacity, seeking solely monetary relief.

….

Our de novo review of the dismissal of Johnson's complaint leads us to conclude that while the allegations, if true, demonstrate shameful and utterly unprofessional behavior by Stasewish, they are insufficient to establish an Eighth Amendment violation. "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." Ivey v. Wilson, 832 F.2d 950, 954 (6th Cir.1987). We have held that harassment and verbal abuse, such as Johnson has described, do not constitute the type of infliction of pain that the Eighth Amendment prohibits. Id. at 954-55. Therefore, Johnson's section 1983 claim was properly dismissed.

357 F.3d 539, 545-46 (6th Cir. 2004).  See also DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir.

2000) ("The use of racially derogatory language, while unprofessional and deplorable, does not

violate the Constitution. Standing alone, simple verbal harassment does not constitute cruel and

unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal

protection of the laws.") (citations omitted);  McBride v. Deer, 240 F.3d 1287, 1291 n.3 (10th Cir.

2001) (plaintiff claimed officers violated his rights by threatening to mace him);  Barney v.

Pulsipher, 143 F.3d 1299, 1311 (10th Cir.1998) (addressing allegations that officer subjected

inmates to severe verbal sexual harassment and intimidation, stating that "these acts of verbal

harassment alone are not sufficient to state a claim under the Eighth Amendment.");  Collins v.

Cundy, 603 F.2d 825, 827 (10th Cir. 1979) (plaintiff claimed sheriff laughed at him and

threatened to hang him); Shabazz v. Cole, 69 F.Supp.2d 177, 199-200 (D.Mass. 1999)

("Although this court does not condone the verbal abuse with the racial epithets that Shabazz

received from Cole, verbal threats and insults between inmates and prison officials are a

"constant daily ritual observed in this nation's prisons." Shabazz v. Pico, [994 F.Supp. 460, 474 (S.D.N.Y.1998)].  Without more, "racial slurs do not deprive prisoners of the 'minimal civilized measure of life's necessities,' and thus do not constitute an [E]ighth [A]mendment violation."); Joyner v. Snyder, No. 06-3062,  2007 WL 401269, 2 (C.D. Ill. Feb. 1, 2007) ("[T]o the extent that Plaintiff alleges that his constitutional rights were violated simply because Defendant Cripe harassed him with derogatory comments regarding his homosexuality, the Court finds that those allegations are not enough to state a viable claim upon which relief can be granted."); Doyle v. Jones Nos. 1:06-cv-628, 1:06-cv-630, 2007 WL 4052032, 5, 9 (W.D. Mich. 2007) (plaintiff claimed correctional officer made derogatory comments about his deafness and asserted plaintiff was faking his hearing problem);  Kirk v. Roan, Civil No. 1:04-CV-1990, 2006 WL 2645154, 4 (M.D. Pa. Sep. 14, 2006) ("Although courts consistently recognize the unsavory and unprofessional nature of purely verbal sexual harassment, none has held that such harassment so departs from society's standards of decency as to violate the Eighth Amendment."); Doe v. Magnusson, Civ. No. 04-130-B-W, 2005 WL 758454, 15 (D. Me. Mar, 21, 2005) ("As a general rule threats and harassment alone, even when they come directly from the mouth of a correctional officer, will not constitute cruel and unusual punishment under Farmer.") (collecting cases) (recommended decision), adopted, 2005 WL 859272 (D. Me. Apr. 14, 2005); see cf. Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir. 1991) ("It is well established that not every state tort constitutes a violation of a protected federal right simply because it is committed by the state. The Constitution does not protect against all intrusions on one's peace of mind. Fear or emotional injury which results solely from verbal harassment or idle threats is generally not sufficient to constitute an invasion of an identified liberty interest.")(citations omitted).

7

In view of this case law -- and putting aside the issues concerning Knowles's ability to seek injunctive and monetary relief raised by the defendants -- Knowles's action should be dismissed as to these five remaining defendants because taking all his allegations as true he has failed to state a claim under the cruel and unusual punishment standard.[5]

### *Conclusion*

For the reasons above, I recommend that the Court grant the motion to dismiss (Doc. No. 43).

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

October 29, 2009.

---

5       Knowles asserts that the three sergeant defendants are guilty of negligent supervision.  (Mot. for Am. Compl. at 4.)   As Iqbal makes clear, 129 S.Ct. at 1948, mere negligence is not sufficient to meet the deliberate indifference standard for holding supervisors liable for the acts of their subordinate.  See Maldonado v. Fontanes, 568 F.3d 263, 274 -75 & n.7 (1st Cir. 2009).